1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  HEATH DANIEL WOODWARD,                    No.  2:12-cv-2168 JAM DAD P

12                  Petitioner,

13        vs.

14  RALPH DIAZ, Actin Warden,                 FINDINGS & RECOMMENDATIONS

15                  Respondent.

16

17        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus

18  pursuant to 28 U.S.C. § 2254.  Petitioner challenges a judgment of conviction entered against him

19  on October 6, 2009, in Sacramento County Superior Court on charges of committing lewd and

20  lascivious acts on two children under the age of fourteen violation of California Penal Code §

21  288(a).  He seeks federal habeas relief on the following grounds:  (1) the charges brought against

22  him were time-barred under the applicable state statute of limitations and the charging document

23  was deficient; (2) a portion of his trial was conducted outside petitioner's presence in violation of

24  his rights under the Sixth and Fourteenth Amendments; and (3) his trial counsel provided him

25  ineffective assistance in violation of his rights under the Sixth Amendment.  Upon careful

26  consideration of the record and the applicable law, the undersigned will recommend that

27  petitioner's application for federal habeas corpus relief be denied.

28  /////

                                        1

**I.   Background**[1]

This case arises from the molestation of two children in 2000, and petitioner's subsequent trial and conviction in 2009 for those crimes.  In a partially published opinion affirming petitioner's judgment of conviction in large part,[2] the California Court of Appeal for the Third Appellate District provided the following factual summary:

> In July 1999, [petitioner] "met" T.A. online and they developed a relationship over the ensuing months.  In December 1999, T.A. and her two daughters, T.C. and A.G., moved from Florida to live with [petitioner] in Sacramento, California.  T.C. was nine years old and A.G. was seven years old.
>
> One day in spring 2000, [petitioner] was sitting on the couch watching a movie with T.C. and A.G.  T.A. was not home at the time.  [Petitioner] told A.G. to come to his bedroom with him. [Petitioner] sat in his computer chair and instructed A.G. to sit on his lap.  [Petitioner] began touching A.G.'s leg before putting his hand into her pants.  He rubbed her vagina and inserted his finger. [Petitioner] stopped when T.C. called for her sister from the living room.  [Petitioner] told A.G. not to tell anyone.
>
> T.A. and her daughters moved out of [petitioner's] apartment after living with him for approximately three months.  After moving out, T.C. and A.G. visited defendant twice a month. On two or three occasions, the girls spent the night at [petitioner's] apartment.
>
> During a sleepover in the spring of 2000, [petitioner] and T.C. were sitting on a couch in the living room and watching a movie.  T.C. was wearing a knee-length nightgown.  [Petitioner] was lying with his back against the end of the couch, and T.C. was "laying against him" in a "sort of spooning" position.  [Petitioner] put his hand on her vaginal area on the outside of her clothes.  T.C. felt uncomfortable with the touching, which lasted about five seconds.  She got up and left the room.  After the incident, T.C. asked her mother to not spend the night at [petitioner's] apartment anymore.

/////

---

[1]  This background is drawn from the published memorandum and opinion of the California Court of Appeal for the Third Appellate District affirming petitioner's judgment of conviction on appeal.  See People v. Woodward, 196 Cal. App. 4th 1143, 1147 (2011).  The unpublished portion of that memorandum and opinion appears in the record before this court at ECF No. 11-1 and will be referred to as such in these findings and recommendations.

[2]  The California Court of Appeal vacated petitioner's sentence and remanded the case so that the trial court could exercise its discretion in determining whether to impose consecutive or concurrent sentences, but in all other respects affirmed the judgment of conviction on appeal.

1

> In May 2006, T.C. and A.G. reported to law enforcement
> that [petitioner] had molested them.

2

3   People v. Woodward, 196 Cal. App. 4th 1143, 1147 (2011), review denied (Sept. 28, 2011), cert.

4   denied, ___U.S.___, 132 S. Ct. 1933 (2012).

5          The 2009 conviction challenged in this federal habeas action stems from criminal

6   proceedings initiated against petitioner while he was already serving a sentence of imprisonment

7   imposed in connection with a prior conviction he had suffered for engaging in a lewd and

8   lascivious act on his daughter and for possession of child pornography.  Woodward, 196 Cal.

9   App. 4th at 1145.  Importantly, for purposes of consideration of petitioner's pending application

10  for federal habeas relief, the prosecution against petitioner for the molestation of victims T.C. and

11  A.G. was initiated the more than six years after the molestation had allegedly occurred.  Id. at

12  1145-46.  In the prosecution at issue here, petitioner "was also alleged to have committed the

13  offenses against multiple victims within the meaning of [California's] 'One Strike Law.'"[3]  Id. at

14  1145 (citing Cal. Penal Code § 667.61(e)(5)).

15         In 2009 a Sacramento County Superior Court jury convicted petitioner on both charges of

16  lewd and lascivious acts against T.C. and A.G., and also found that he committed the offenses

17  against multiple victims within the meaning of California's "One Strike Law."  Id. at 1149.

18  Petitioner was ultimately sentenced by the court to serve two consecutive terms of 15 years-to-life

19  imprisonment.  See id. at 1145, 1153; see also Pet. for Writ of Habeas Corpus (ECF No. 1) at 1.[4]

20         On direct appeal from his 2009 judgment of conviction, petitioner argued that:  (1) that the

21  trial court lacked jurisdiction because the statute of limitations had run on the lewd and lascivious

22  conduct charges relating to T.C. and A.G.; (2) that the trial court was precluded from sentencing

23  him under California's "One Strike Law" to an indeterminate term of up to life imprisonment

24  _____

25  [3]  "According to California case law, '[t]he one strike law was enacted to ensure serious and
    dangerous sex offenders would receive lengthy prison sentences . . . .'"  Blakaj v. McEwan, No.

26  EDCV 11-0768-SVW (DTB), 2013 WL 3811813, at *14 (C.D. Cal. July 16, 2013) (quoting
    People v. Palmore, 79 Cal. App.4th 1290, 1296 (2000).

27
    [4]  Page number citations such as this one are to the page number reflected on the court's CM/ECF

28  system and not to page numbers assigned by the parties.

1    because the prosecution had failed to expressly plead that petitioner was ineligible for probation;

2    (3) that he was personally absent from portions of his trial in violation of his constitutional rights;

3    and (4) his trial counsel provided him ineffective assistance by failing to adequately raise these

4    issues at trial.  As noted, the California Court of Appeal rejected these arguments and affirmed

5    petitioner's judgment of conviction.  Id. at 1149-53.

6         In the unpublished portion of its opinion, the state appellate court considered and rejected

7    petitioner's argument that the applicable state law statute of limitations had run on the lewd and

8    lascivious conduct against multiple victims charges brought against him.  In this regard, that court

9    stated:

10              Defendant contends that the six-year statute of limitations
11         for his crimes expired before the prosecution filed its complaint.
           We reject the contention.

12                                    * * *

13              Defendant was convicted of two counts of violating
14         subdivision (a) of section 288.   Ordinarily, a conviction of
           subdivision (a) of section 288 is subject to a maximum prison term
15         of eight years.  [fn. omitted]  Offenses subject to prison terms of no
           more than eight years must be prosecuted within six years after the
16         offense was committed.  To this end, section 800 provides that
           '[e]xcept as provided in Section 799, prosecution for an offense
17         punishable by imprisonment in the state prison for eight years or
           more shall be commenced within six years after commission of the
18         offense."  Thus, defendant asserts that prosecution was time-barred
           because the district attorney did not charge him until April 2008 - -
19         more than six years after the offenses committed in 2000.  Not so.

20              Offenses subject to life imprisonment do not have a
           limitation on the time to commence a prosecution.  Section 799
21         provides, in relevant part, that "[p]rosecution for an offense
           punishable by death or by imprisonment in the state prison for life
22         or for life without the possibility of parole, or for the embezzlement
           of public money, may be commenced at any time."

23              When an offense is subject to alternate sentencing schemes,
24         it is the longest potential period of confinement without any
           sentence enhancement that determines the applicable statute of
25         limitations.

26                                    * * *

27              Although violations of section 288, subdivision (a), are
           generally subject to a maximum eight-year prison term, they may
28         also be prosecuted under the One Strike Law when committed
           against multiple victims.  Section 667.61 imposes a 15-year-to-life

                                        4

prison sentence for each conviction of a lewd and lascivious act on a child under age 14 if "[t]he defendant has been convicted in the present case or cases of committing an offense specified in subdivision (c) against more than one victim." (§ 667.61, subd. (e)(5); see also *id.* at subds. (b) & (c)(7); see also § 288, subd. (a).)

* * *

[ ] Defendant was sentenced under the One Strike Law because he molested multiple victims within the meaning of subdivision (e)(5) of section 667.61. The multiple victim circumstance in the One Strike Law provides for a life sentence and does not qualify as an enhancement. (*Perez*, *supra*, 182 Cal. App.4th at p. 238). In other words, the One Strike Law imposes a life sentence without any resort to separately proved sentence enhancements. As the California Supreme Court has held, "Section 667.61 sets for an *alternative*, *harsher sentencing scheme* for certain forcible sex crimes." (*People v. Macebo* (2002) 27 Cal.4th 735, 738 (*Macebo*), italics added.) Because the life sentence imposed by the One Strike Law is not an enhancement, section 799 applies to preclude any deadline to file the charges in this case.

* * *

In short, the One Strike Law's imposition of a life term for child molestation committed against multiple victims is not subject to a statute of limitations. (§§ 667.61, subds. (b), (c)(7), (e)(5), 799.) Thus, we reject defendant's contention that his trial attorney was ineffective for failing to move to dismiss the case as time-barred. Any objection to defendant's prosecution on the basis of the statute of limitations would have been meritless. (*People v. Ochoa* (1998) 19 Cal.4th 353, 463 ["Representation does not become deficient for failing to make meritless objections"].)

(ECF No. 11-1 at 9-12, 14.)

In the published portion of its opinion, the California Court of Appeal also considered and rejected petitioner's argument that because the charging document failed to allege that he was ineligible for probation he could not face imposition of a life term of imprisonment under California's One Strike Law.[5]  In this regard, the state appellate court reasoned as follows:

Defendant next argues that the trial court was precluded from sentencing him under the One Strike Law because the prosecution failed to plead that he was not eligible for probation. Defendant does not argue that he was actually eligible for

---

[5]  In essence, under this alternative argument petitioner apparently contended that because the charging document did not specifically allege that he was ineligible for probation, he could not be sentenced to an indeterminate life prison term under California's One Strike Law and, therefore, the usual six-year statute of limitations applied resulting in the charges brought against him being time-barred.

5

probation, but only that the failure to expressly plead his ineligibility for probation in the charging document precluded his sentencing under the One Strike Law. We are not persuaded.

As we have noted, [petitioner] was charged with two counts of lewd and lascivious acts on a child under the age of 14, against T.C. and A.G. . . . . The jury convicted [petitioner] as charged and found true the allegation that he committed the offenses against multiple victims.

Defendant argues that the application . . . requires the pleading to allege that [petitioner] is ineligible for probation as set forth in former section 1203.066. [fn. omitted].

\* \* \*

The <u>only exception to the mandatory life prison term</u> set forth in the One Strike Law <u>is for defendants who violated only section 288, subdivision (a), and are eligible for probation</u>. As our Supreme Court has noted, "conviction of nonforcible lewd or lascivious acts on a child under the age of 14 years (§ 288, subd. (a)) will qualify for One Strike sentencing treatment 'unless the defendant qualifies for probation under subdivision (c) of section 1203.066.' (§ 667.61, subd. (c)(7).)" (<u>People v. Mancebo</u>, 27 Cal. 4th at 741 n.3, 117.)

Defendant seizes on the exception . . . to argue that the district attorney's failure to plead his ineligibility for probation prevented his sentencing under the One Strike Law . . . .

\* \* \*

Here, the information expressly alleged that [petitioner] molested multiple victims and specifically referred to subdivision (e)(5) of section 667.61 as the provision rendering the One Strike Law applicable. [Accordingly], the pleading was sufficient to invoke the application of the One Strike Law.

\* \* \*

Defendant asks us to impose a rule of pleading that would require the prosecution plead the absence of a fact that might decrease the penalty sought. We decline to do so.

Any fact serving to increase the penalty must be pled. As the California Supreme Court has explained, "'"before a defendant can properly be sentenced to suffer the increased penalties flowing from . . . [a] finding . . . [of a prior conviction] the fact of the prior conviction . . . must be charged in the accusatory pleading, and if the defendant pleads not guilty thereto the charge must be proved and the truth of the allegation determined by the jury, or by the court if a jury is waived."

The converse is not true. <u>The prosecution need not allege the absence of a factor, such as eligibility for probation, that may</u>

lighten the punishment on defendant. Probation eligibility does not represent the sort of increase in penalty that the Supreme Court has required to be pled. As this court has noted, "[f]inding a defendant ineligible for probation is not a form of punishment, because probation itself is an act of clemency on the part of the trial court." (People v. Benitez (2005) 127 Cal. App. 4th 1274, 1278, 26 Cal.Rptr.3d 262.) Rather than being a burden on the prosecution to disprove, any eligibility for probation must be shown by the defendant. "[A] defendant has the burden to present evidence showing that he is entitled to consideration for probation under subdivision (c) of section 1203.066." (People v. Groomes (1993) 14 Cal.App.4th 84, 89, 17 Cal.Rptr.2d 469.)

Here, the prosecution satisfied the One Strike pleading requirement by alleging its applicability due to [petitioner's] commission of qualifying offenses against multiple victims. Section 667.61 does not require that the People also allege the inapplicability of a circumstance that might remove [petitioner] from the statutory scheme's penalty provisions.

Even if the pleading had been defective as [petitioner] contends, he cannot demonstrate prejudice because the evidence at trial showed that T.C. and A.G. were not relatives or members of his household. Consequently, [petitioner] did not meet the requirement set forth in subdivision (c)(1) of section 1203.066 that he be a relative of the victims or a member of their household. No outcome more favorable to [petitioner] would have resulted from any change in pleading requirements. (People v. Watson (1956) 46 Cal.2d 818, 834–836, 299 P.2d 243.)

Woodward, 196 Cal. App. 4th at 1149-53 (emphasis added) (citations omitted).

Finally, the California Court of Appeal considered and rejected petitioner's argument that his constitutional right to be present during critical proceedings in his criminal case was violated when, with petitioner absent, the trial court heard and denied his motion for an evidentiary hearing regarding the sexual histories of his victims. In this regard, in the unpublished portion of its opinion the state appellate court described the background with respect to this claim and its rationale for rejecting it as follows:

Defendant contends his state and federal constitutional rights to be personally present during trial were denied when the trial court heard defense counsel's motion for an Evidence Code section 782 hearing in defendant's absence. Defendant does not argue that the trial court erred in denying the motion for a hearing pursuant to Evidence Code section 782, but only that his personal presence from the courtroom during the discussion of the need for such a hearing violated his rights to be personally present during all critical stages of the proceedings against him. We disagree.

/////

7

During a pretrial appearance, defense counsel moved for an evidentiary hearing under Evidence Code section 782 to cross examine T.C., A.G., and B. about their sexual histories.[6] Defendant was personally present at the time. The trial court deferred ruling on the motion.

On September 29, 2009, defense counsel filed a written motion under Evidence Code section 782.  The prosecution opposed the motion and the court heard the motion the same day.  Defendant was not personally present.

The prosecution and defense argued about whether the motion should be granted.  As the trial court clarified with defense counsel, the motion was directed only at prior sexual conduct and reports of molestations by the victims that did not involve defendant:

"THE COURT: We're here because you brought a motion under [Evidence Code        section] 782 to admit evidence concerning prior incidents, not the facts revolving    around    your client, right?

[Defense counsel]: Okay.

"THE COURT: Okay. That's why we're here. Right?

"[Defense counsel]: Yes." (Italics added.)

The court expressed skepticism about the legal sufficiency of the motion under Evidence Code section 782 as follows:

"THE COURT: Okay. And all I have is one line, okay? And the problem I'm trying to get at is you haven't laid out to me what exactly you seek to elicit with respect to this jury for me to be able to make a cogent ruling."

The court later followed up on defendant's absence during the following colloquy:

---

[6]  Evidence Code section 782, subdivision (a), provides in pertinent part:

"[I]f evidence of sexual conduct of the complaining witness is offered to attack the credibility of the complaining witness . . . , the following procedure shall be followed:  [¶] (1) A written motion shall be made by the defendant to the court and prosecutor stating that the defense has an offer of proof of the relevancy of evidence of the sexual conduct of the complaining witness proposed to be presented and its relevancy in attacking the credibility of the complaining witness.  [¶] (2) The written motion shall be accompanied by an affidavit in which the offer of proof shall be stated. . . . [¶] . . . [¶] (4) At the conclusion of the hearing, if the court finds that evidence proposed to be offered by the defendant regarding the sexual conduct of the complaining witness is relevant pursuant to Section 780, and is not inadmissible pursuant to Section 352, the court may make an order stating what evidence may be introduced by the defendant, and the nature of the questions to be permitted.  The defendant may then offer evidence pursuant to the order of the court."

8

"THE COURT: You're waiving your client's appearance, by the way?

"[Defense counsel]: I am, for the record, your Honor, yes."

Shortly thereafter, the trial court denied the defense's motion for a hearing.

On the issue of a criminal defendant's right to be personally present during court proceedings, the California Supreme Court has explained that, "[u]nder the Sixth Amendment's confrontation clause, a defendant has the right to be personally present at any proceeding in which his appearance is necessary to prevent 'interference with [his] opportunity for effective cross-examination.' (*Kentucky v. Stincer* (1987) 482 U.S. 730,744-745, fn. 17, 96 L.Ed.2d 631; *People v. Cole* [(2004)] 33 Cal.4th [1158,]1231.) The Fourteenth Amendment guarantees the right to be present as a matter of due process at any 'stage . . . that is critical to [the] outcome' and where the defendant's 'presence would contribute to the fairness of the procedure.' (*Kentucky v. Stincer*, supra, 482 U.S. at p. 745; *Cole*, at p. 1231.)" (*People v. Harris* (2008) 43 Cal.4th 1269, 1306 (*Harris*).) The state right to be present at trial is coextensive with the federal due process guarantee. (*Ibid.*)

A criminal defendant may waive the right to be personally present during non-capital trials. "Neither the constitutional right to confrontation nor the right to due process precludes waiver of a defendant's right to be present at a critical stage of a capital trial. [Citation.] Section 977[7] permits a felony defendant, with leave of court, to waive his or her presence at all stages of the trial other than arraignment, plea, presentation of evidence, and sentencing. Section 977 requires, however, that the defendant personally execute, in open court, a written waiver of the right to be present." (*People v. Romero* (2008) 44 Cal.4th 386, 418, quoting *People v. Coddington* (2000) 23 Cal.4th 529, 629.)

The right of a defendant to be personally present does not extend to every court proceeding. As the *Harris* court noted, "neither the state nor the federal Constitution, nor the statutory requirement that a defendant be present at 'all . . . proceedings' (§ 977, subd. (b)(1)), provides a criminal defendant with the right to be personally present in chambers or at bench discussions outside the jury's presence on questions of law or other matters as to which his presence bears no reasonable, substantial relation to his opportunity to defend the charges against him." (*Harris*, supra, 43 Cal.4th at p.1306, fn. omitted.)

/////

---

[7]  Section 977, subdivision (b)(2), provides in pertinent part that "[t]he accused may execute a written waiver of his or her right to be personally present, approved by his or her counsel, and the waiver shall be filed with the court. However, the court may specifically direct the defendant to be personally present at any particular proceeding or portion thereof."

In *Kentucky v. Stincer* (1987) 482 U.S. 730 [96 L.Ed.2d 631], the United States Supreme Court upheld a conviction for child molestation after the defendant in that case was absent from a hearing to determine the competency of child witnesses who later testified against him.  (Id. at pp. 732-733 [96 L.Ed.2d at pp. 639-640].)  The hearing had taken place during trial but outside the presence of the jury.  (Id. at p. 732 [96 L.Ed.2d at p. 639].)  The nature of the questioning at the competency hearing did not require the children to testify about the alleged crimes, but only to demonstrate that they were able to provide credible testimony.  (*Id.* at pp. 745-746 [96 L.Ed.2d at pp. 647-648].)  In rejecting the claim of a constitutional violation, the Supreme Court explained that defendant gave "no indication that his presence at the competency hearing in this case would have been useful in ensuring a more reliable determination as to whether the witnesses were competent to testify.  He . . . presented no evidence that his relationship with the children, or his knowledge of facts regarding their background, could have assisted either his counsel or the judge in asking questions that would have resulted in a more assured determination of competency."  (Id. at p. 747 [96 L.Ed.2d at p.648].)

Defendant did not personally waive his right to be present during court proceedings as required by section 977.  Consequently, his absence from the courtroom during the hearing on the defense's motion constitutes error unless defendant's presence offered no assistance on the matter addressed.

Defense counsel's motion for a hearing under Evidence Code section 782 sought to explore the victims' prior similar experiences that did not involve conduct with defendant. Thus, defense counsel focused exclusively on matters that were not within the personal knowledge of defendant.  Defendant's absence from the hearing on the motion under Evidence Code section 782 did not prejudice his ability to present a defense.  (*Harris*, supra, 43 Cal.4th at p. 1307.)

Moreover, the trial court denied the motion on the ground that defense counsel failed to comply with the requirement in Evidence Code section 782 to show sufficient similarity between the alleged offenses committed by defendant and the matters for which the defense sought to cross-examine T.C., A.G., and B. Defendant's presence in court would not have improved the legal sufficiency of the motion for a hearing under Evidence Code section 782.  His absence did not result in a denial of his federal or state rights to be personally present during the criminal proceedings.  (*Harris*, supra, 43 Cal.4th at p. 1307.)

The trial court did not err in considering the defense's motion for a hearing under Evidence Code section 782 at a time when defendant was not personally present.

(ECF No. 11-1 at 20-25.)

/////

1   **II. Analysis**

2       **A. Standards of Review Applicable to Habeas Corpus Claims**

3           An application for a writ of habeas corpus by a person in custody under a judgment of a

4   state court can be granted only for violations of the Constitution or laws of the United States.  28

5   U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or

6   application of state law.  See Wilson v. Corcoran, 562 U.S. ___, ___, 131 S. Ct. 13, 16 (2010);

7   Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir.

8   2000).

9           Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas

10  corpus relief:

11              An application for a writ of habeas corpus on behalf of a person in
                custody pursuant to the judgment of a State court shall not be
                granted with respect to any claim that was adjudicated on the merits

12              in State court proceedings unless the adjudication of the claim—

13              (1) resulted in a decision that was contrary to, or involved an
                unreasonable application of, clearly established Federal law, as

14              determined by the Supreme Court of the United States; or

15              (2) resulted in a decision that was based on an unreasonable
                determination of the facts in light of the evidence presented in

16              the State court proceeding.

17          For purposes of applying § 2254(d)(1), "clearly established federal law" consists of

18  holdings of the United States Supreme Court at the time of the state court decision.  Stanley v.

19  Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06

20  (2000)).  Nonetheless, "circuit court precedent may be persuasive in determining what law is

21  clearly established and whether a state court applied that law unreasonably."  Stanley, 633 F.3d at

22  859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)).

23          A state court decision is "contrary to" clearly established federal law if it applies a rule

24  contradicting a holding of the Supreme Court or reaches a result different from Supreme Court

25  precedent on "materially indistinguishable" facts.  Price v. Vincent, 538 U.S. 634, 640 (2003).

26  Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the

27  writ if the state court identifies the correct governing legal principle from the Supreme Court's

28  decisions, but unreasonably applies that principle to the facts of the prisoner's case.  Lockyer v.

11

1    Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002

2    (9th Cir. 2004).  In this regard, a federal habeas court "may not issue the writ simply because that

3    court concludes in its independent judgment that the relevant state-court decision applied clearly

4    established federal law erroneously or incorrectly.  Rather, that application must also be

5    unreasonable."  Williams, 529 U.S. at 412; accord Schriro v. Landrigan, 550 U.S. 465, 473

6    (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent

7    review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'").

8    "A state court's determination that a claim lacks merit precludes federal habeas relief so long as

9    'fairminded jurists could disagree' on the correctness of the state court's decision."  Harrington v.

10   Richter, 562 U.S.___, ___, 131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541

11   U.S. 652, 664 (2004)).  Accordingly, "[a]s a condition for obtaining habeas corpus from a federal

12   court, a state prisoner must show that the state court's ruling on the claim being presented in

13   federal court was so lacking in justification that there was an error well understood and

14   comprehended in existing law beyond any possibility for fairminded disagreement."  Richter,131

15   S. Ct. at 786-87.

16        If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing

17   court must conduct a de novo review of a habeas petitioner's claims.  Delgadillo v. Woodford,

18   527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008)

19   (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of

20   § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by

21   considering de novo the constitutional issues raised.").

22        The court looks to the last reasoned state court decision as the basis for the state court

23   judgment.  Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

24   If the last reasoned state court decision adopts or substantially incorporates the reasoning from a

25   previous state court decision, this court may consider both decisions to ascertain the reasoning of

26   the last decision.  Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc).  "When a

27   federal claim has been presented to a state court and the state court has denied relief, it may be

28   presumed that the state court adjudicated the claim on the merits in the absence of any indication

12

1    or state-law procedural principles to the contrary." <u>Richter</u>, 131 S. Ct. at 784-85.  This

2    presumption may be overcome by a showing "there is reason to think some other explanation for

3    the state court's decision is more likely." <u>Id.</u> at 785 (citing <u>Ylst v. Nunnemaker</u>, 501 U.S. 797,

4    803 (1991)).  Similarly, when a state court decision on a petitioner's claims rejects some claims

5    but does not expressly address a federal claim, a federal habeas court must presume, subject to

6    rebuttal, that the federal claim was adjudicated on the merits.  <u>Johnson v. Williams</u>, ___ U.S.___,

7    ___, 133 S. Ct. 1088, 1091 (2013).

8        Where the state court reaches a decision on the merits but provides no reasoning to

9    support its conclusion, a federal habeas court independently reviews the record to determine

10    whether habeas corpus relief is available under § 2254(d).  <u>Stanley</u>, 633 F.3d at 860; <u>Himes v.</u>

11    <u>Thompson</u>, 336 F.3d 848, 853 (9th Cir. 2003).  "Independent review of the record is not de novo

12    review of the constitutional issue, but rather, the only method by which we can determine whether

13    a silent state court decision is objectively unreasonable." <u>Himes</u>, 336 F.3d at 853.  Where no

14    reasoned decision is available, the habeas petitioner still has the burden of "showing there was no

15    reasonable basis for the state court to deny relief." <u>Richter</u>, 131 S. Ct. at 784.

16        When it is clear, however, that a state court has not reached the merits of a petitioner's

17    claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal

18    habeas court must review the claim de novo.  <u>Stanley</u>, 633 F.3d at 860; <u>Reynoso v. Giurbino</u>, 462

19    F.3d 1099, 1109 (9th Cir. 2006); <u>Nulph v. Cook</u>, 333 F.3d 1052, 1056 (9th Cir. 2003).

20    **B.  Petitioner's Claims**

21      **1.  <u>Statute of Limitations and Sufficiency of Charging Document</u>**

22        Petitioner seeks federal habeas relief on two related claims that present purely questions of

23    state law:  (a) whether the charges of lewd and lascivious acts on two children under the age of

24    fourteen that resulted in his 2009 conviction were barred by the applicable California statute of

25    limitations, and (b) whether the prosecution failed to adequately plead the charges against him in

26    a way that subjected him to a possible life term of imprisonment under California's One Strike

27    Law, thereby rendering the charges against him not subject to a six year statute of limitations.

28    /////

1    Respondent argues that because these claims are based on alleged violations of state law,

2    they are not cognizable in a federal habeas proceeding.

3    Of course, it is well-established that "federal habeas corpus relief does not lie for errors of

4    state law." Estelle, 502 U.S. at 67 (internal quotation marks omitted).  See also Wilson, 131 S.

5    Ct. at 16.  Accordingly, a challenge to a state court's interpretation of state law is not cognizable

6    in a federal habeas corpus proceeding . See Waddington v. Sarausad, 555 U.S. 179, 192 n. 5

7    (2009) ("[W]e have repeatedly held that 'it is not the province of a federal habeas court to

8    reexamine state-court determinations on state-law questions."); Bradshaw v. Richey, 546 U.S. 74,

9    76 (2005) ("A state court's interpretation of state law . . . binds a federal court sitting in federal

10   habeas."); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (federal habeas corpus relief does not lie for

11   errors of state law); Mullaney v. Wilbur, 421 U.S. 684, 691 n.11 (1975) (federal courts will not

12   review an interpretation by a state court of its own laws unless that interpretation is clearly

13   untenable and amounts to a subterfuge to avoid federal review of a deprivation by the state of

14   rights guaranteed by the Constitution); Park, 202 F.3d at 1149.

15   Similarly, "a mere error of state law . . . is not a denial of due process." Rivera v. Illinois,

16   556 U.S. 148, 158 (2009) (quoting Engle v. Isaac, 456 U.S. 107, 121, n. 21 (1982) and Estelle,

17   502 U.S. at 67).  This is because "[t]he Due Process Clause . . . safeguards not the meticulous

18   observance of state procedural prescriptions, but 'the fundamental elements of fairness in a

19   criminal trial.'" Id. (quoting Spencer v. Texas, 385 U.S. 554, 563-64 (1967).  To establish a due

20   process violation based on an alleged error under state law, a federal habeas petitioner must show

21   that the state court's erroneous ruling was so arbitrary that it rendered his trial fundamentally

22   unfair.  Holley v. Yarborough, 568 F.3d 1091, 1101 (9th Cir. 2009) (noting that even such a

23   violation does not entitle one to federal habeas relief under AEDPA unless such relief is

24   authorized under clearly established federal law); Windham v. Merkle, 163 F.3d 1092, 1103 (9th

25   Cir. 1998); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 897 (9th Cir. 1996); Jammal v. Van de Kamp,

26   926 F.2d 918, 920 (9th Cir. 1991) ("[T]he issue is . . . whether the trial court committed an error

27   which rendered the trial so arbitrary and fundamentally unfair that it violated federal due

28   process."); Kennick v. Superior Court, 736 F.2d 1277, 1280 (9th Cir. 1984).

14

1       In sum, to be entitled to federal habeas relief petitioner here must show that the decision

2    of the California Court of Appeals rejecting his arguments somehow "violated the Constitution,

3    laws, or treaties of the United States."  Little v. Crawford, 449 F.3d 1075, 1083 (9th Cir.2006)

4    (quoting Estelle, 502 U.S. at 68).

5              a.  Statute of Limitations Claim

6       As noted above, petitioner argues that he was not formally charged with committing lewd

7    and lascivious acts on T.C. and A.G. until December 7, 2007 — more than six years after the

8    alleged offenses occurred in the Spring of 2000.  The California Court of Appeal considered and

9    rejected this argument solely on state law grounds.  As outlined above, the state appellate court

10    reasoned that because petitioner's crimes were committed against multiple victims, they were

11    punishable under California law by life imprisonment and because "[o]ffenses subject to life

12    imprisonment do not have a limitation on the time to commence a prosecution," "[a]ny objection

13    on the basis of the statute of limitations would have been meritless."  (ECF No. 11-1 at 10-14.)

14    The California Court of Appeal's interpretation of state statute of limitations law is simply not

15    cognizable in a federal habeas corpus proceeding.  Petitioner has failed to establish that the state

16    court's rejection of his statute of limitations claim was contrary to, or an unreasonable application

17    of clearly established federal law.  See Brewer v. Hall, 378 F.3d 952, 955 (9th Cir. 2004); Barber

18    v. Warden of Substance Abuse Treatment Facility, No. CIV S-04-1844 MCE EFB P, 2010 WL

19    3703045, *6 -7 (E.D. Cal. Sept. 10, 2010) (denying federal habeas relief to a petitioner who

20    challenged the state court's rejection of his statute of limitations argument that was based on an

21    interpretation of state law).  Certainly petitioner has not shown that the state court's ruling on this

22    statute of limitations issue was so arbitrary that it rendered his subsequent trial fundamentally

23    unfair.  See Holley, 568 F.3d at 1101; Jammal, 926 F.2d at 920.

24       For these reasons, petitioner is not entitled to federal habeas relief on his claim that the

25    charges against him were barred by the applicable statute of limitations under California law.

26            b.  Sufficiency of the Information Under California's Pre-2006 One Strike Law

27       Petitioner takes a slightly different tack in his related argument in which he claims that the

28    charging document in his case inadequately pled his offense for lewd and lascivious conduct

1    under California's "One Strike Law" because it failed to specifically allege that he was ineligible

2    for probation.  In this regard, petitioner argues that although the pre-2006 version of the state law

3    authorized a mandatory 15-to-life term of imprisonment for such offenses, it also provided an

4    exception if "the defendant qualifies for probation."  Cal. Penal Code § 288(a).  Petitioner argues

5    that because the charging document filed in his case failed to specifically allege that he was

6    ineligible for probation, the pre-2006 version of the California's "One Strike Law" could not be

7    applied to his conduct.  Petitioner notes that in 2006, California's "One Strike Law" was rewritten

8    to eliminate this exception so as to apply to any violation of § 288(a) without condition.

9    However, he argues that under the Ex Post Facto Clause of the U.S. Constitution the post-2006

10   version of California's One Strike Law cannot be applied to his criminal conduct which occurred

11   in 2000.[8]  Accordingly, petitioner contends he is entitled to federal habeas relief.

12        Respondent counters that this court need not reach petitioner's federal constitutional

13   claim, because a federal court cannot disturb the state court's decision interpreting state law and

14   rejecting petitioner's first argument — that the prosecution was required to and failed to allege

15   the inapplicability of the "probation eligibility" exception.

16        The California Court of Appeal rejected petitioner's argument that the prosecution was

17   required to plead petitioner's ineligibility for probation.  In doing so the state appellate court

18   reasoned as follows:

19               Defendant seizes on the exception set forth in subdivision
              (c)(7) of section 667.61 to argue that the district attorney's failure to
20            plead his ineligibility for probation prevented his sentencing under
              the One Strike Law. In so arguing, defendant acknowledges that the
21            information filed against him did plead the application of the One
              Strike Law by alleging multiple victims and referring to subdivision
22            (e)(5) of section 667.61. Nonetheless, he contends that the
              information's pleading of the One Strike Law was insufficient
23

24   _____

25   [8]  The undersigned observes that petitioner's reference to the Ex Post Facto Clause in advancing
     this claim is a red herring.  No California court ever purported to apply the post-2006 version of
26   the One Strike Law to petitioner's case.  The California Court of Appeal instead rejected
     petitioner's challenge to the sufficiency of the charging document solely on the basis that it was
27   properly alleged that petitioner had molested multiple victims thus making him eligible for a life
     sentence and that the One Strike Law did not require that his ineligibility for probation be pled.
28   (ECF No. 11-1 at 13-20.)

without also alleging that he was ineligible for probation under section 1203.066.

In support of his argument, defendant relies on <u>Mancebo</u>, <u>supra</u>, 27 Cal.4th 735, 117 Cal. Rptr.2d 550, 41 P.3d 556 and <u>People v. Hammer</u> (2003) 30 Cal.4th 756, 134 Cal. Rptr.2d 590, 69 P.3d 436 (<u>Hammer</u>). Neither case supports his argument.

In <u>Mancebo</u>, <u>supra</u>, 27 Cal.4th at page 738, 117 Cal. Rptr.2d 550, 41 P.3d 556, the validity of the One Strike sentence imposed was uncontested. Instead, <u>Mancebo</u> involved only the issue of whether defendant's use of a gun could serve both as a basis for invoking One Strike sentencing and to impose firearm enhancements under section 12022.5, subdivision (a). (<u>Mancebo</u>, at p. 738, 117 Cal. Rptr.2d 550, 41 P.3d 556.) The Supreme Court concluded that the gun use, "having been properly pled and proved as a basis for One Strike sentencing, was unavailable to support section 12022.5(a) enhancements." (<u>Mancebo</u>, at p. 739, 117 Cal. Rptr.2d 550, 41 P.3d 556.) Although requirements of One Strike pleading were not at issue in <u>Mancebo</u>, the high court did note that "[t]he language of subdivision (i) of section 667.61, requiring that '[f]or the penalties provided in this section to apply, the existence of any fact required under subdivision (d) or (e) shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact,' is straightforward and plain." (<u>Mancebo</u>, at p. 749, 117 Cal. Rptr.2d 550, 41 P.3d 556.) Thus, the <u>Mancebo</u> court deemed sufficient the One Strike pleading in a case in which the information "made specific reference to subdivision (e) of section 667.61. . . ." (<u>Mancebo</u>, at p. 749, 117 Cal. Rptr.2d 550, 41 P.3d 556.)

Here, the information expressly alleged that defendant molested multiple victims and specifically referred to subdivision (e)(5) of section 667.61 as the provision rendering the One Strike Law applicable. As in <u>Mancebo</u>, the pleading was sufficient to invoke the application of the One Strike Law.

In <u>Hammer</u>, the California Supreme Court considered whether a defendant who had been granted probation for an earlier conviction of section 288, subdivision (a), could later be sentenced under the One Strike Law in reliance on the prior child molestation conviction. (<u>Hammer</u>, <u>supra</u>, 30 Cal.4th at p. 759, 134 Cal. Rptr.2d 590, 69 P.3d 436.) The <u>Hammer</u> court noted that eligibility for probation under subdivision (c) of section 1203.066 allows the trial court to avoid imposing a life sentence for a conviction otherwise subject to the One Strike Law. (<u>Hammer</u> at p. 759, 134 Cal. Rptr.2d 590, 69 P.3d 436.) Nonetheless, <u>Hammer</u> affirmed the One Strike sentence despite the defendant's prior term of probation for the earlier child molestation. (Ibid.)

In affirming the One Strike sentence, the <u>Hammer</u> court noted that "section 1203.066 — enacted more than a decade before the Legislature adopted the One Strike [L]aw — generally requires prison sentences and bars probation for those who are convicted of

violating section 288 and related offenses.  (See § 1203.066, subd. (a).)  As we recounted in <u>People v. Jeffers</u> (1987) 43 Cal.3d 984, 993–997, 239 Cal. Rptr. 886, 741 P.2d 1127 (<u>Jeffers</u>), however, the Legislature was motivated by various policy considerations to enact a limited exception to the general bar on probation.  Accordingly, subdivision (c) of section 1203.066 provides that if the defendant is the victim's 'relative' or 'member of the victim's household,' and if other conditions are met, a trial court may exercise discretion to grant probation to a defendant convicted of violating section 288, subdivision (a)." (<u>Hammer</u>, <u>supra</u>, 30 Cal.4th at pp. 765–766, 134 Cal. Rptr.2d 590, 69 P.3d 436.)  <u>Hammer</u>, however, does not hold that the failure to plead ineligibility for probation under section 1203.066 precludes the application of the One Strike Law.

Defendant asks us to impose a rule of pleading that would require the prosecution plead the absence of a fact that might decrease the penalty sought. We decline to do so.

Any fact serving to increase the penalty must be pled.  As the California Supreme Court has explained, " ' "before a defendant can properly be sentenced to suffer the increased penalties flowing from . . . [a] finding . . . [of a prior conviction] the fact of the prior conviction . . . must be charged in the accusatory pleading, and if the defendant pleads not guilty thereto the charge must be proved and the truth of the allegation determined by the jury, or by the court if a jury is waived." ' ([<u>People v.] Lo Cicero</u> [ (1969) ] 71 Cal.2d [1186,] 1192–1193 [80 Cal. Rptr. 913, 459 P.2d 241], quoting <u>People v. Ford</u> [ (1964) ] 60 Cal.2d [772,] 794 [36 Cal. Rptr. 620, 388 P.2d 892].)" (<u>In re Varnell</u> (2003) 30 Cal.4th 1132, 1140, 135 Cal. Rptr.2d 619, 70 P.3d 1037 (<u>Varnell</u>), italics added.)

The converse is not true. The prosecution need not allege the absence of a factor, such as eligibility for probation, that may lighten the punishment on defendant.  (<u>See Varnell</u>, <u>supra</u>, 30 Cal.4th at p. 1132, 135 Cal. Rptr.2d 619, 70 P.3d 1037 [rejecting contention that "a defendant is entitled as a matter of due process to notice in the accusatory pleading of his ineligibility for less restrictive alternate punishments" such as probation].)  Probation eligibility does not represent the sort of increase in penalty that the Supreme Court has required to be pled.  ( <u>Id.</u> at p. 1140, 135 Cal. Rptr.2d 619, 70 P.3d 1037.)  As this court has noted, "[f]inding a defendant ineligible for probation is not a form of punishment, because probation itself is an act of clemency on the part of the trial court." (<u>People v. Benitez</u> (2005) 127 Cal. App.4th 1274, 1278, 26 Cal. Rptr.3d 262.) Rather than being a burden on the prosecution to disprove, any eligibility for probation must be shown by the defendant.  "[A] defendant has the burden to present evidence showing that he is entitled to consideration for probation under subdivision (c) of section 1203.066." (<u>People v. Groomes</u> (1993) 14 Cal. App.4th 84, 89, 17 Cal. Rptr.2d 469.)

Here, the prosecution satisfied the One Strike pleading requirement by alleging its applicability due to defendant's commission of qualifying offenses against multiple victims.  (§ 667.61, subd. (e)(5).)  Section 667.61 does not require that the

1    People also allege the inapplicability of a circumstance that might
     remove defendant from the statutory scheme's penalty provisions.

2

3    Woodward, 196 Cal. App. 4th at 1150-52.

4        "The 'sufficiency of an indictment or information is primarily a question of state law."

5    Tapia v. Tansy, 926 F.2d 1554, 1560 (10th Cir.1991) (quoting Franklin v. White, 803 F.2d 416,

6    418 (8th Cir.1986). See also Kilgore v. Bowersox, 124 F.3d 985, 993 (8th Cir. 1997) ("Federal-

7    court review of the sufficiency of an information is limited to whether it was constitutionally

8    deficient; whether it comported with requirements of state law is a question for state courts.")

9    Here, petitioner argues only that California law required his ineligibility for probation to be

10   specifically pled.  Again, since "federal habeas corpus relief does not lie for errors of state law,"

11   this court cannot disturb the California court's ruling affirming the sufficiency of the charging

12   document filed in petitioner's case as a matter of California law.  Estelle, 502 U.S. at 67.

13   Moreover,  petitioner has not shown that the state court's interpretation of state law and rejection

14   of his arguments on this point were so arbitrary as to render his subsequent trial fundamentally

15   unfair.  See Holley, 568 F.3d at 1101; Jammal, 926 F.2d at 920.

16       Accordingly, petitioner's claim challenging the sufficiency of the charging document filed

17   in his case is not cognizable in these federal habeas relief proceedings and should be rejected.

18       **2.  Petitioner's Absence at a Critical Proceeding Claim**

19       Petitioner also claims the trial court conducted a hearing in his absence and at that time

20   denied a critical mid-trial defense motion in violation of his constitutional rights.

21       The Sixth Amendment guarantees a criminal defendant "the right . . . to be confronted

22   with the witnesses against him."  "[E]ven in situations where the defendant is not actually

23   confronting witnesses or evidence against him, [the defendant] has a due process right 'to be

24   present in his own person whenever his presence has a relation, reasonably substantial, to the

25   ful[l]ness of his opportunity to defend against the charge.'"  Kentucky v. Stincer, 482 U.S. 730,

26   745 (1987) (quoting Snyder v. Massachusetts, 291 U.S. 97, 105-06 (1934)).  See also Rushen v.

27   Spain, 464 U.S. 114, 117 (1983) ("[T]he right to personal presence at all critical stages of the trial

28   . . . [is a] fundamental right[ ] of each criminal defendant.")   A defendant's right to be present

19

1   during criminal proceedings in not absolute, however:  "[A] defendant is guaranteed the right to

2   be present" at a particular stage of a criminal proceeding only if that stage "is critical to its

3   outcome," and "his presence would contribute to the fairness of the procedure."  Id.  Thus, a

4   defendant's presence is not constitutionally required "when [his] presence would be useless, or

5   the benefit but a shadow."  Snyder, 291 U.S. at 106-07 (collecting cases).  See also United States

6   v. Gagnon, 470 U.S. 522, 526-27 (1985) (identifying the key inquiry as whether the defendant's

7   absence impaired his ability to defend himself against the charges).

8       In this case, the California Court of Appeal considered and rejected petitioner's federal

9   constitutional claim challenging his absence during arguments before the trial court on his motion

10   for an evidentiary hearing regarding the sexual histories of victims T.C., A.G. and B.[9]  In

11   rejecting petitioner's argument on this issue the state appellate court relied heavily on the

12   Supreme Court's decision in Stincer.  Thus, the only issue to be decided here is whether the

13   California Court of Appeal's application of the holding in Stincer was "contrary to, or involved

14   an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).

15       The Supreme Court in Stincer upheld a conviction for child molestation even though the

16   defendant was absent during a hearing that determined the competency of child witnesses who

17   later testified against him at trial.  482 U.S. at 745-48.  Specifically, the defendant in Stincer was

18   charged with molesting three children under the age of eight, and "the court conducted an in-

19   chambers hearing to determine if the two young girls were competent to testify."  Id. at 732.

20   "Over his objection, [the defendant], but not his counsel (a public defender), was excluded from

21   this hearing."  Id. at 732-33.  On appeal, the Supreme Court of Kentucky held that the trial court

22   had erred because the witness competency hearing "was a crucial phase of the trial."  Id. at 735.

23   The United States Supreme Court reversed.  In doing so, the Court reasoned that the witnesses

24   were not "asked to discuss upcoming substantive testimony," in which case the "testimony might

25   bear a substantial relationship to a defendant's opportunity better to defend himself at trial"  Id. at

26   745-46.  Rather, "the questions, instead, were directed solely to each child's ability to recollect

27

28   [9]  "B" refers to petitioner's daughter who had been the victim of his 2000 molestation offense.

1    and narrate facts, to her ability to distinguish between truth and falsehood, and to her sense of

2    moral obligation to tell the truth." Id.  Moreover, the Supreme Court observed that the defendant

3    had "presented no evidence that his relationship with the children, or his knowledge of facts

4    regarding their background, could have assisted either his counsel or the judge in asking questions

5    that would have resulted in a more assured determination of competency." Id. at 747.

6    Accordingly, the Supreme Court concluded, "we cannot say that [the defendant's] rights under

7    the Due Process Clause of the Fourteenth Amendment were violated by his exclusion from the

8    competency hearing." Id.

9         Here, the mid-trial hearing on petitioner's motion for an evidentiary hearing on the sexual

10   histories of the victims is similar to the pretrial evidentiary hearing at issue in Stincer.   As in

11   Stincer, petitioner's motion for an evidentiary hearing concerned the testimony of children who

12   were the victims of molestation.  Specifically, petitioner's motion sought to explore the sexual

13   histories of the current complaining witnesses, T.C. and A.G., as well as that of his daughter who

14   had been the victim of his 2000 molestation offense, outside the presence of the jury.  As the

15   California Court of Appeal observed, "the victims' prior similar experiences . . . did not involve

16   conduct with [petitioner]," and instead, defense counsel "focused exclusively on matters that were

17   not within the personal knowledge of [petitioner]."  (ECF No. 11-1 at 26.)  Thus, as in Stincer,

18   petitioner "presented no evidence that his relationship with the children, or his knowledge of facts

19   regarding their background, could have assisted either his counsel or the judge" in determining

20   whether the court should grant an evidentiary hearing concerning the victims' sexual histories.

21   482 U.S. at 730.  Under these circumstances, the state appellate courts reasonably concluded that

22   petitioner's presence at the hearing would not "contribute to the fairness of the procedure" such

23   that "a fair and just hearing [was] thwarted by his absence." Id. at 745 (quoting Snyder, 291 U.S.

24   at 108).

25        Accordingly, the undersigned concludes that the California Court of Appeal's decision

26   rejecting petitioner's argument with respect to his absence from the motion hearing in question

27   was not contrary to, or involved an unreasonable application of, clearly established federal law.

28   28 U.S.C. § 2254(d)(1).  See Blackwell v. Biter, No. CV 12-0624 MWF (RZ), 2012 WL

1  5989892, at *8-10 (C.D. Cal. Sept. 28, 2012) (rejecting federal habeas relief on a substantially

2  similar claim).  Therefore, petitioner is not entitled to federal habeas relief on this claim.

3         **3.  Ineffective Assistance of Counsel Claim**

4         Petitioner next claims he received constitutionally ineffective assistance of counsel

5  because his trial attorney "fail[ed] to raise a statute of limitations issue in the trial court."  (Pet'r's

6  Traverse (ECF No. 16) at 5-6.)

7         Respondent counters by pointing out that the California Court of Appeal considered and

8  "reject[ed]" petitioner's claim "that his trial attorney was ineffective for failing to move to

9  dismiss the case as time-barred."  (ECF No. 11-1 at 14).  Moreover, respondent observes that the

10  state appellate court reasoned:  "Any objection on the basis of the statute of limitations would

11  have been meritless."  (Id.)

12         The Sixth Amendment guarantees the effective assistance of counsel.  The United States

13  Supreme Court set forth the test for demonstrating ineffective assistance of counsel in Strickland

14  v. Washington, 466 U.S. 668 (1984).  To support a claim of ineffective assistance of counsel, a

15  petitioner must first show that, considering all the circumstances, counsel's performance fell

16  below an objective standard of reasonableness.  466 U.S. at 687-88.  After a petitioner identifies

17  the acts or omissions that are alleged not to have been the result of reasonable professional

18  judgment, the court must determine whether, in light of all the circumstances, the identified acts

19  or omissions were outside the wide range of professionally competent assistance.  Id. at 690;

20  Wiggins v. Smith, 539 U.S. 510, 521 (2003).  Second, a petitioner must establish that he was

21  prejudiced by counsel's deficient performance.  Strickland, 466 U.S. at 693-94.  Prejudice is

22  found where "there is a reasonable probability that, but for counsel's unprofessional errors, the

23  result of the proceeding would have been different."  Id. at 694.  A reasonable probability is "a

24  probability sufficient to undermine confidence in the outcome."  Id.  See also Williams, 529 U.S.

25  at 391-92; Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000).  A reviewing court "need not

26  determine whether counsel's performance was deficient before examining the prejudice suffered

27  by the defendant as a result of the alleged deficiencies . . . .  If it is easier to dispose of an

28  ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be

1   followed." Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at

2   697).  In assessing an ineffective assistance of counsel claim "[t]here is a strong presumption that

3   counsel's performance falls within the 'wide range of professional assistance.'" Kimmelman v.

4   Morrison, 477 U.S. 365, 381 (1986) (quoting Strickland, 466 U.S. at 689).  There is in addition a

5   strong presumption that counsel "exercised acceptable professional judgment in all significant

6   decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing Strickland, 466 U.S.

7   at 689).

8          In the federal habeas corpus context,

9              [e]stablishing that a state court's application of Strickland was
              unreasonable under § 2254(d) is all the more difficult.  The
10             standards created by Strickland and § 2254(d) are both 'highly
              deferential,' and when the two apply in tandem, review is 'doubly'
11             so.

12   Richter, 131 S. Ct. 770 at 788.  Moreover, because the "Strickland standard is a general one," "the

13   range of reasonable applications is substantial." Id.  In short, ineffective assistance habeas claims

14   are subject to two layers of deference, and state courts are granted substantial "leeway" because

15   the Strickland standard is "general." See Knowles v. Mirzayance, 556 U.S. 111, 123 (2009).

16          Here, the California Court of Appeal concluded that petitioner's defense counsel was not

17   constitutionally ineffective because any argument that his prosecution was barred by the

18   applicable statute-of-limitations was without merit.  "To show prejudice under Strickland

19   resulting from the failure to file a motion, a defendant must show that (1) had his counsel filed the

20   motion, it is reasonable that the trial court would have granted it as meritorious, and (2) had the

21   motion been granted, it is reasonable that there would have been an outcome more favorable to

22   him." Wilson v. Henry, 185 F.3d 986, 990 (9th Cir. 1999) (citing Kimmelman, 477 U.S. at 373-

23   74). See also Ceja v. Stewart, 97 F.3d 1246, 1253 (9th Cir. 1996) (Trial counsel is not ineffective

24   in failing to file a motion "which would have been 'meritless on the facts and the law[.]'");

25   Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994) (failure to file a pretrial motion is not

26   ineffective assistance where counsel investigated filing the motion and there was no reasonable

27   possibility that the motion would have been granted).

28   /////

23

As discussed above, the offense for which petitioner was charged and ultimately convicted — lewd and lascivious conduct on multiple minor victims — was punishable by up to life imprisonment under California law.  Accordingly, the lewd and lascivious conduct charge brought against petitioner was not subject to a statute of limitations under state law and the Court of Appeal's conclusion — that defense counsel's failure to raise the statute of limitations issue was not objectively deficient — was clearly not unreasonable.  See Turner v. Calderon, 281 F.3d 851, 872 (9th Cir. 2002) ("A failure to raise untenable issues . . . does not fall below the Strickland standard.")  Moreover, petitioner has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Roe v. Flores–Ortega, 528 U.S. 470, 482, 489 (2000).

In light of the "highly deferential" standard under both Strickland and 28 U.S.C. § 2254(d), Richter, 131 S. Ct. at 788,  the California Court of Appeal's conclusion — that petitioner had not satisfied the Strickland test with respect to his ineffective assistance claim — was not unreasonable.  Accordingly petitioner is not entitled to federal habeas relief with respect to his ineffective assistance of counsel claim.

**III. Conclusion**

Accordingly, for all the reasons set forth above, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing

1   Section 2254 Cases in the United States District Courts (the district court must issue or deny a

2   certificate of appealability when it enters a final order adverse to the applicant).

3   Dated:  November 4, 2013

4

5   _____
    DALE A. DROZD
6   UNITED STATES MAGISTRATE JUDGE

7   DAD:gp
    wood.2168.hc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28